**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

KENNIE LEE CHAPPEL, JR.,

Plaintiff,

v.

BOSS RAIN FOREST PET RESORT, INC.
D/B/A BOSS THE PET CONNECTION,
ENRIQUE FERNANDEZ,
PATRICIA FERNANDEZ,

Defendants.
_______________________________________/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, KENNIE LEE CHAPPEL, JR., brings this action against Defendants, BOSS RAIN FOREST PET RESORT, INC. D/B/A BOSS THE PET CONNECTION, ENRIQUE FERNANDEZ, and PATRICIA FERNANDEZ, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff KENNIE LEE CHAPPEL, JR. was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through interstate communication.

4. At all times material hereto, Defendant, BOSS RAIN FOREST PET RESORT, INC. D/B/A BOSS THE PET CONNECTION, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of car washing services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein,

engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. The businesses operating at or around 7439 West Sample Road, Coral Springs, FL 33065, 11316 Wiles Road, Coral Springs, FL 33076, and 2063 N. University Dr, Sunrise, FL 33322, and offering pet products and services such as pet grooming, are a single enterprise under the Fair Labor Standards Act, perform related activities through unified operation and common control for a common business purpose, engage along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

6. The businesses operating at or around 7439 West Sample Road, Coral Springs, FL 33065, 11316 Wiles Road, Coral Springs, FL 33076, and 2063 N. University Dr, Sunrise, FL 33322, and offering pet products and services such as pet grooming, jointly employed Plaintiff.

7. Defendant, BOSS RAIN FOREST PET RESORT, INC. D/B/A BOSS THE PET CONNECTION, sells products that originated outside Florida.

8. Defendant, ENRIQUE FERNANDEZ, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and owner of Defendant, BOSS RAIN FOREST PET RESORT, INC. D/B/A BOSS THE PET CONNECTION; said Defendant acted and acts directly in the interests of Defendant, BOSS RAIN FOREST PET RESORT, INC. D/B/A BOSS THE PET CONNECTION, in relation to said co-Defendant's employees. Defendant effectively dominates BOSS RAIN FOREST PET RESORT, INC. D/B/A BOSS THE PET CONNECTION administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, ENRIQUE FERNANDEZ was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9. Defendant, PATRICIA FERNANDEZ, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, BOSS RAIN FOREST PET RESORT, INC. D/B/A BOSS THE PET CONNECTION; said Defendant acted and acts directly in the interests of Defendant, BOSS RAIN FOREST PET RESORT, INC. D/B/A BOSS THE PET CONNECTION, in relation to said co-Defendant's employees. Defendant effectively dominates BOSS RAIN FOREST PET RESORT, INC. D/B/A BOSS THE PET CONNECTION administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, PATRICIA FERNANDEZ was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

10. Defendants employed Plaintiff as a store clerk and pet groomer.

11. Defendant, ENRIQUE FERNANDEZ, controlled Plaintiff's pay.

12. Defendant, ENRIQUE FERNANDEZ, controlled Plaintiff's duties.

13. Defendant, PATRICIA FERNANDEZ, controlled Plaintiff's duties.

14. Defendant, ENRIQUE FERNANDEZ, controlled Plaintiff's schedule.

15. Defendant, PATRICIA FERNANDEZ, controlled Plaintiff's schedule.

16. Defendant, ENRIQUE FERNANDEZ, supervised Plaintiff.

17. Defendant, PATRICIA FERNANDEZ, supervised Plaintiff.

18. Defendants often rounded down the hours Plaintiff worked when calculating Plaintiff's compensation.

19. Defendants deducted hours from Plaintiff's compensation.

20. Defendants failed to pay Plaintiff the full and proper overtime compensation of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

21. Defendants failed to pay Plaintiff for all the hours that he worked.

22. Defendants routinely paid Plaintiff late.

23. Attached as Exhibit A is Plaintiff's Statement of Claim, which provides preliminary estimates of the damages. The amounts may change as Plaintiff engages in the discovery process.

24.

25. Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages.

26. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

27. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**ALL DEFENDANTS**

28. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-27 above as if set forth herein in full.

29. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

30. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

**COUNT II**
**VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA**
**ALL DEFENDANTS**

31. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-30 above as if set forth herein in full.

32. Plaintiff complained and protested Defendants' failure to pay Plaintiff his full and proper overtime compensation.

33. On or about November 22, 2016, Defendants terminated Plaintiff in retaliation for Plaintiff's complaints and protestations regarding Defendants' failure to pay Plaintiff his full and proper overtime compensation in violation of 29 U.S.C. section 215(a)(3).

34. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered losses and will suffer losses including, but not limited to, loss of wages, benefits, other remuneration and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants including but not limited to back and front pay, lost benefits and other remuneration and an additional equal amount as liquidated damages (see 29 U.S.C. § 216(b)), appropriate equitable relief (e.g., employment, reinstatement, promotion), damages for emotional distress, award of cost, fees and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax: (786) 358-6071
Email: ekoz@kozlawfirm.com

Elliot Kozolchyk, Esq.
Bar No.: 74791