UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62779-CIV-SNOW

KENNIE LEE CHAPPEL, JR.,

       Plaintiff,

vs.

BOSS RAIN FOREST PET RESORT, INC.,
d/b/a BOSS THE PET CONNECTION,
ENRIQUE FERNANDEZ, and PATRICIA
FERNANDEZ,

       Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on the Plaintiff's Renewed Motion for Attorney's Fees for Defendants' Failure to Admit $500,000 Gross Annual Revenue (ECF No. 78). The Plaintiff seeks an award of fees incurred in obtaining this information.  The Motion is fully briefed and ripe for consideration.

This was an action for unpaid wages and retaliation under the Fair Labor Standards Act (FLSA).  The Plaintiff propounded  Requests for Admission to Defendant Boss Rainforest Pet Resort, Inc. ("Boss") seeking admissions that the Defendant generated more than $500,000 in gross revenue for the years 2013-2016, which Boss denied.  On January 9, 2018, the Court entered an Order requiring the Defendants to produce Boss' tax records evidencing its gross annual income for the years in question. (ECF No. 64) Those records demonstrated gross annual income well in excess of $500,000 for each year.  The Plaintiff now seeks, pursuant to Rule 37(c)(2), Fed. R. Civ. P., an award of attorney's fees for the failure to admit gross annual income in excess of $500,000 for the four years in question.

The Defendants object to the Motion on a number of grounds: (1) the Motion does not comply with Local Rule 7.3 because it does not set forth the experience of the timekeeper and

is not verified; (2) the Motion was prematurely filed; (3) the Motion is improperly directed to the individual Defendants who were not requested to admit the matters in question; (4) Defendant Boss' denials were made in good faith, based on a belief that the Requests were directed to individual stores; (5) counsel's time entries are insufficiently specific, and (6) counsel's hourly rate is excessive.

## I. ANALYSIS

### A. Entitlement to Fees

The Plaintiff seeks a fee award pursuant to Rule 37(c)(2), which provides, in pertinent part:

> If a party fails to admit what is requested under Rule 36 and the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof.

The undersigned agrees with the Defendants that only Defendant Boss was asked to admit that its gross revenue for the years 2013-2016 exceeded $500,000, and that sanctions, if appropriate, must be directed toward that Defendant. The undersigned finds that the Defendant Boss' refusal to admit was willful and not made in good faith. The undersigned further finds that the Motion is not premature. Therefore, the Plaintiff is eligible for an award of reasonable expenses pursuant to Rule 37(c)(2).

The Defendants are correct that the Plaintiff has failed to comply with Local Rule 7.3, which requires that a motion for attorney's fees set forth the experience and qualifications of each timekeeper and be verified. The Plaintiff's reply is not verified, but does state that his counsel has eight years experience in the field of employment law, has litigated more than 400 cases in federal court, and has been awarded fees at the rate of $350.00 per hour in other federal cases. The undersigned finds that under the circumstances of this case, where the case was tried to the Court, the Motion is sufficient. However, counsel for the Plaintiff is advised that any future motion for attorney's fees in federal court must comply with Local Rule 7.3.

## B. <u>Amount of Fees</u>

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." <u>Id</u>. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation any hours that were not "reasonably expended." <u>Id</u>. at 433-34.  Therefore, counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." <u>Id</u>. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. <u>Norman v. Housing Auth. Of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988).  The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." <u>Id</u>. at 1299, citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984).  The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. <u>Norman</u>, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. <u>Id</u>. at 1303.  However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." <u>Id</u>. Moreover, where billing records are voluminous, "a district court may make a reasonable across the board reduction in hours instead of engaging in the pick and shovel work necessary to

make a more precise determination." Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008).

In the instant case, the Plaintiff seeks a fee award of $3,675.00, based on 10.5 hours of work at the rate of $350.00 per hour. The Defendants object to this hourly rate, arguing that $275.00 per hour is appropriate. They also object to the time expended by counsel as excessive and inadequately documented.

The undersigned finds that the claimed rate of $350.00 per hour is within the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation. However, after a careful review of the record, the undersigned finds that 7.5 hours is a reasonable amount of time to have spent obtaining the information in question. Therefore, the Plaintiff is entitled to an award of expenses in the amount of $2,625.00.

## II. <u>CONCLUSION</u>

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

ORDERED and ADJUDGED that Plaintiff's Renewed Motion for Attorney's Fees for Defendants' Failure to Admit $500,000 Gross Annual Revenue (ECF No. 78) be GRANTED, in part, and that the Plaintiff be awarded attorneys' fees in the amount of $2,625.00.

DONE and ORDERED at Fort Lauderdale, Florida, this 17th day of May, 2018.

*Lurana S. Snow*

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record

4